# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 500 | **DATE** | 3/16/2011 |
| **CASE TITLE** | Laborers' Pension Fund, et al. vs. Nationwide Environmental, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the statement section of this order, defendant Michael J. Palmieri's "Motion to Dismiss" [14] is denied. Palmieri's Answer is due on or before 3/31/11. Counsel are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before 4/7/11. Status hearing set for 4/12/11 at 9:00 a.m. for purposes of scheduling further dates. Parties are encouraged to discuss settlement.

■[ For further details see text below.]

Notices mailed.

## STATEMENT

Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Funds"), along with the Fund's Administrator, James S. Jorgensen (collectively "Plaintiffs"), bring claims against defendants Nationwide Environmental ("Nationwide") and Michael J. Palmieri ("Palmieri") under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1947 ("LMRA"), alleging that Nationwide has failed to honor the terms of its Collective Bargaining Agreement ("CBA") by failing to submit to an audit, failing to obtain and maintain a surety bond to guaranty the payment of future wages, pension, and welfare benefits, failing to make required contributions, and failing to collect and submit Union dues.

Palmieri has filed a motion to dismiss, arguing that Plaintiffs have failed to adequately state a claim against him for which relief can be granted. (Dkt. No. 14.) Palmieri stresses that he is not alleged to have been "an employer and a signatory to the CBA," and he argues that his alleged status as an officer and shareholder of Nationwide does not make him liable for any amounts owed to the Funds by Nationwide. (*Id.* ¶¶ 3, 7.) When reviewing the merits of a motion to dismiss, the court accepts the factual allegations set forth in the complaint as true and draws all reasonable inferences in favor of Plaintiffs. *Fednav Int'l Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010).

Plaintiffs assert that Palmieri is liable "for any amounts owed to the Funds since [Nationwide's] [in]voluntary dissolution" (Dkt. No. 1 ("Compl.") ¶ 15), pursuant to Section 8.65(a)(3) of the Illinois Business Corporation Act of 1983 (the "Business Corporation Act"). Section 8.65(a)(3) states,

| STATEMENT |
|---|

> The directors of a corporation that carries on its business after the filing by the Secretary of State of articles of dissolution, otherwise than so far as may be necessary for the winding up thereof, shall be jointly and severally liable to the creditors of such corporation for all debts and liabilities of the corporation incurred in so carrying on its business.

805 ILCS 5/8.65(a)(3). It is undisputed that Nationwide is an involuntarily dissolved Illinois corporation, having been dissolved by the Illinois Secretary of State on January 5, 2011. (Compl. ¶ 5.) Plaintiffs have also alleged that, notwithstanding its corporate dissolution, Nationwide continues to "do[ ] business" in Illinois. (*Id.*) Although sparse, this allegation is sufficient to put Nationwide and Palmieri on notice of the factual basis for this element of Plaintiffs' claim.

At issue is Palmieri's liability as an alleged "officer and shareholder [of] Nationwide." (Compl. ¶ 7.) As a general matter, the Business Corporation Act distinguishes between "directors" and "officers." *Compare* 805 ILCS 5/8.05 ("Board of directors") *with* 805 ILCS 5/8.50 ("Officers"). Because, by its plain language, Section 8.65(a)(3) applies only to "directors," this statutory provision cannot support Plaintiffs' cause of action against Palmieri.

Plaintiffs do not cite any other provision of law supporting their claim against Palmieri. However, this court's own research shows that Illinois courts have consistently held that officers can be personally liable for debts incurred "on behalf of the former corporation after it had been dissolved." *In re Estate of Plepel*, 450 N.E.2d 1244, 1246 (Ill. App. Ct. 1st Dist. 1983). Under Section 3.20 of the Business Corporation Act, formerly Ill. Rev. Stat. 1983, ch. 32, par. 157.150, "[a]ll persons who assume to exercise corporate powers without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof." 805 ILCS 5/3.20. In the context of a dissolved corporation, Illinois courts have stated, "It can not be doubted that an officer of a dissolved corporation is without authority to exercise corporate powers, and that if [the defendant corporation] had not been reinstated, par. 157.150 would operate to impose personal liability on all those who had incurred debts on behalf of the former corporation after it had been dissolved." *In re Estate of Plepel*, 450 N.E.2d at 1246; *see also Puleo v. Topel*, 856 N.E.2d 1152, 1155 (Ill. App. Ct. 1st Dist. 2006) ("it has long been the law in Illinois that an officer or director of a dissolved corporation has no authority to exercise corporate powers and, thus is personally liable for any debts he incurs on behalf of the corporation after its dissolution"); *Gonnella Baking Co. v. Clara's Pasta di Casa, Ltd.*, 786 N.E.2d 1058, 1062 (Ill. App. Ct. 1st Dist. 2003); *H & H Press, Inc. v. Axelrod*, 638 N.E.2d 333, 340 (Ill. App. Ct. 1st Dist. 1994); *Steve's Equip. Serv., Inc. v. Riebrandt*, 459 N.E.2d 21, 24 (Ill. App. Ct. 2d Dist. 1984).

Similarly, in the context of a dissolved corporation that was later reinstated, at least one Illinois court relied on both Section 8.65(a)(3) and "the policy considerations set out in *Plepel*" in concluding "an officer of a corporation that has been involuntarily dissolved and is later reinstated is not relieved of personal liability for debts incurred by the business during the dissolution." *Cardem, Inc. v. Marketron Int'l, Ltd.*, 749 N.E.2d 477, 481 (Ill. App. Ct. 2d Dist. 2001) (citing *Chicago Title & Trust Co. v. Brooklyn Bagel Boys, Inc.*, 584 N.E.2d 142, 146 (Ill. App. Ct. 1st Dist. 1991)).

Because Illinois law does recognize the potential liability of corporate officers for debts incurred on behalf of a corporation after its dissolution, Plaintiffs' claim against Palmieri will not be dismissed for failure to state a claim for which relief can be granted

*James F. Holderman*